UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRON STEPHENS and DAVID PIO, individually and on behalf of all others similarly situated, ) ) ) ) ) Plaintiffs, ) ) v. ) ) GENERAL NUTRITION COMPANIES, INC., ) ) Defendant. ) | No. 08 C 6296 Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Tyron Stephens and David Pio, initially brought this putative class action in state court against Defendant, General Nutrition Companies, Inc. ("GNC"), alleging violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS § 505/1, *et seq*, and unjust enrichment. Before the Court is GNC's motion to dismiss.

## BACKGROUND

This case involves a dispute between Plaintiffs and GNC regarding GNC's sale of products containing Androstenedione, Androstenediol, Norandrostendione and Norandrostenediol ("Andro Products"). In August 2002, Plaintiff Pio brought suit against GNC in the Circuit Court of Cook County (the "Prior Action"). Pio alleged a single claim for violation of the ICFA. In April 2003, Pio filed an amended complaint, asserting claims for violation of the ICFA and for unjust enrichment. Plaintiff Stephens was later substituted as a plaintiff in the Prior Action. On October 4, 2007, the Prior Action was dismissed for lack of prosecution. Just under one year later, on October 3, 2008, Plaintiffs Pio and Stephens filed this action in the Circuit Court of Cook County. GNC then removed the case to this Court.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, the complaint must describe the claim in sufficient detail to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 127 S.Ct. 1955, 1964 (2007) (*Bell Atlantic*) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The complaint "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Bell Atlantic*, 550 U.S. 544, 127 S.Ct. at 1965, 1973 n. 14).

## ANALYSIS

GNC argues that this case should be dismissed because the statute of limitations has run and because Plaintiffs fail to state a claim either for violation of the ICFA or for unjust enrichment.

### *Statute of Limitations*

The purchases that form the basis for this suit occurred in 2001 and 2002. Plaintiffs commenced this suit in 2008. Thus, the parties agree that unless the Illinois Saving Statute,

735 ILCS § 5/13-217, applies, Plaintiffs' claims are barred by the statute of limitations.[1] The Saving Statute provides, *inter alia*, that if an action is voluntarily dismissed for want of prosecution, the plaintiff "may commence a new action within one year or within the remaining period of limitation, whichever is greater." 735 ILCS § 5/13-217 (West 1994); *Hudson v. City of Chicago*, 228 Ill.2d 462, 468 (2008). The Prior Action was dismissed for want of prosecution on October 4, 2007. Plaintiffs instituted this action on October 3, 2008. Thus, if the Saving Statute applies, Plaintiffs case is not time-barred.

GNC argues that the Saving Statute does not apply because there are significant differences between the current action and the Prior Action, such that the two are not the same case. As GNC points out, the statute applies only if the claims in the new and old cases "arise from a single group of operative facts." *Schrager v. Grossman*, 321 Ill.App.3d 750, 755 (1 Dist. 2000). However, the statute "should be liberally construed in favor of hearing the plaintiff's claim," the rationale being that a case should be allowed to proceed so long as the "defendants had notice of litigation arising out of the same facts and circumstances." *Bryson v. News America Publications, Inc.*, 174 Ill.2d 77, 106-08 (1996) (*Bryson*).

The differences claimed by GNC are: (1) whereas the Prior Action alleged that Plaintiff Pio purchased "Pinnacle Androstat 150 Cyclo Poppers" from GNC, the current action alleges he purchased "Pinnacle Androstat 100-mg Cyclo Poppers" from GNC; (2) the Prior Action identified twenty-one Andro Products allegedly sold by GNC in Illinois, whereas the current

---

[1] Illinois has a three-year statute of limitations for violations of the ICFA, *see* 815 ILCS 505/10a(e); *Kopley Group V, L.P. v. Sheridan Edgewater Properties, Ltd.*, 376 Ill.App.3d 1006, 1020-21 (1 Dist. 2007), and a five-year statute of limitations for claims of unjust enrichment. *See* 735 ILCS 5/13-205; *Frederickson v. Blumenthal*, 271 Ill.App.3d 738, 742 (1 Dist. 1995).

action identifies only nineteen; (3) the Prior Action alleged "GNC knows that the Steroid Hormone Products are not effective for any other beneficial purpose and have not been proven effective for any other purpose," whereas the current action also alleges that, with one exception, no methodologically sound clinical studies have shown Androstenedione to be effective at promoting muscle growth in humans; and (4) the current action adds the legal theory that consumers expect all dietary supplements to be supported by competent and reliable scientific evidence.

These differences are not sufficient to bring the current action outside the scope of the Illinois Saving Statute. GNC claims that the "most significant difference" is the discrepancy over whether Pio purchased Pinnacle Androstat 150 Cyclo Poppers or Pinnacle Androstat 100-mg Cyclo Poppers. However, as Plaintiffs point out, this is merely a different dosage of the same product. Moreover, Plaintiffs' complaint in the Prior Action alleged that GNC misrepresented the effectiveness of all the steroid hormone products it sold, including both dosages of Cyclo Poppers. GNC cannot persuasively contend that it was not put on notice by the Prior Action that Plaintiffs' claims of misrepresentation covered both dosages. GNC's second alleged difference is insufficient for the same reason. Whereas the Prior Action identified twenty-one Andro Products, the current action identifies only nineteen. This is because Plaintiffs have withdrawn their allegations with respect to two of the products. But since all nineteen of the products identified in the current action were also identified in the Prior Action, there can be no credible argument that GNC lacked notice.

The last two differences raised by GNC have to do with Plaintiffs' allegedly modified legal theories. As Plaintiffs point out, however, the modified wording of their claims does not

4

change their fundamental contention – that GNC made misrepresentations concerning its products. Furthermore, the question under the Illinois Saving Statute is whether the claims of the two cases "aris[e] out of the same facts and circumstances," *Bryson*, 174 Ill.2d at 108, not whether the legal theories are identical.

Therefore, the Illinois Saving Statute applies; and Plaintiffs' claims are not barred by the statute of limitations.

*Illinois Consumer Fraud and Deceptive Business Practices Act*

GNC argues that Plaintiffs fail to state a claim under the ICFA. To state a claim under the act, a plaintiff must allege:

> (1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception.

*Neumann v. Carlson Environmental, Inc.*, 429 F.Supp.2d 946, 950-51(N.D. Ill. 2006) (citing *Oliveira v. Amoco Oil Co.*, 201 Ill.2d 134, 149 (2002)).

GNC first argues that Plaintiffs have failed to sufficiently plead the "deceptive act" element of their ICFA claim. According to GNC, Plaintiffs' Complaint fails to identify any misrepresentations made by GNC. Rather, GNC argues, advertisements alleged in Plaintiffs' Complaint to be misleading were authored by the manufacturers of the Andro Products and not by GNC, which was only the distributor or publisher. GNC cites *Alm v. Van Nostrand Reinhold Co., Inc.*, 134 Ill. App.3d 716 (1 Dist. 1985) (*Alm*), for the proposition that a publisher does not have a duty to verify the materials it publishes.

5

Plaintiffs' allegations, however, go further than GNC admits. Paragraph 22 of the Complaint alleges that "GNC approves, endorses and sponsors numerous advertisements that regularly appear in national bodybuilding magazines that market the Steroid Hormones as effective to build muscle and increase strength." The Complaint goes on to cite numerous examples of such advertisements, many of which state that the product is available at GNC stores. Thus, the Complaint goes beyond merely asserting that GNC distributed or published the advertisements. Rather, it alleges a much closer connection between GNC and the allegedly misleading statements than was present in *Alm*. GNC argues that Plaintiffs have put forward no factual allegations in support of their claim that GNC approves, endorses and sponsors the advertisements. At this stage of the proceedings, however, Plaintiffs do not have that burden. Plaintiffs' allegations are sufficient to give GNC notice of what they alleged. Therefore, the Court finds that Plaintiffs have sufficiently pled a deceptive act or practice under the ICFA.

GNC next argues that Plaintiffs have failed to sufficiently plead the proximate cause element of an ICFA claim. GNC argues that the Complaint contains no allegations that Plaintiffs were exposed to the various advertisements in the Complaint. However, the Complaint alleges that "Plaintiffs Mr. Pio and Mr. Stephens were actually deceived by GNC's deceptive and unfair sales practices as described herein." GNC argues that this statement is merely a legal conclusion and that Plaintiffs have still not alleged that they were exposed to the advertisements identified in the Complaint. However, from the contention that Plaintiffs were actually deceived by the advertisements, which is of course taken to be true for purposes of the present motion, it logically follows that Plaintiffs must have been exposed to them. One cannot be deceived by

something without being exposed to it. Plaintiffs' Complaint may not be worded in the exact manner GNC would prefer; but, when read in its entirety, it nonetheless satisfies the requirement that the Plaintiffs plead proximate cause.

GNC argues Plaintiffs do not state a claim for concealment or omission of material fact under the ICFA. GNC argues that the ICFA does not require a product to include disclaimers regarding its overall quality or effectiveness. Therefore, GNC argues, it was not required to disclose that its products were ineffective or that no peer-reviewed clinical studies have proven the products to be effective. GNC cites *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100 (2005) (*Avery*), for the argument that the ICFA does not require a business to disclose the inferiority of its products compared to those of its competitors. According to the *Avery* court, "[u]nder plaintiffs' reasoning, it would appear that to avoid liability under the Act, every knowing sale of a brand of product which is not the top brand would have to carry a disclaimer: 'Notice, our brand is not, on the whole, as good as our competitor's.'" *Avery*, 216 Ill.2d at 193. As Plaintiffs point out, however, they are not arguing that the products advertised and sold by GNC did not work as well as those of a competitor; rather, they are arguing that they did not work at all – in other words, that they were merely "snake oil." There is a significant difference between selling a product one knows to be inferior to the competition and selling a product one knows to be completely ineffective. Plaintiffs have sufficiently pled a claim for concealment or omission of material fact under the ICFA.

GNC's final argument with respect to Plaintiffs' ICFA claim is that a lack of substantiating scientific evidence is not actionable under the ICFA. GNC cites *Gredell v. Wyeth Laboratories, Inc.*, 367 Ill. App.3d 287, (1 Dist. 2006) (*Gredell*), for this proposition and goes on

7

to argue that a lack of studies establishing the effectiveness of Andro Products does not necessarily mean that the products are ineffective in all cases and situations. As Plaintiffs point out, *Gredell* is distinguishable. Whereas in *Gredell*, the plaintiff's claim was based on the complete lack of scientific studies, *see Gredell*, 367 Ill. App.3d at 291, here Plaintiffs allege that Andro Products had been scientifically tested and that those tests had shown them to be ineffective. Thus, the Court rejects GNC's argument that Plaintiffs fail to state a claim under the ICFA.

## *Unjust Enrichment*

To state a claim for unjust enrichment, a plaintiff must allege "that it conferred a benefit upon the defendant which the defendant has unjustly retained in violation of fundamental principles of equity and good conscience." *Brown Leasing, Inc. v. Stone*, 284 Ill. App.3d 1035, 1045 (1 Dist. 1996). The parties agree that the viability of Plaintiffs' unjust enrichment claim depends on whether Plaintiffs have sufficiently alleged the proximate cause element of Plaintiffs' IFCA claim. Because the Court finds that this element was sufficiently pled, Plaintiffs have also stated a claim for unjust enrichment.

## CONCLUSION

For the reasons stated above, GNC's motion to dismiss is denied.

Dated: May 21, 2007

JOHN W. DARRAH
United States District Court Judge

8