UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TYRON STEPHENS and DAVID PIO, )
Individually and on behalf of all )
others similarly situated, )
                                                                         )
        Plaintiffs, )
                                                                ) No. 08 C 6296
v. )
                                                                ) Judge John W. Darrah
GENERAL NUTRITION )
COMPANIES, INC., )
                                                                )
        Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Tyron Stephens and David Pio, brought suit individually and on behalf of all others similarly situated against Defendant, General Nutrition Companies, Inc. ("GNC"). The suit stems from the purchase of GNC steroid hormones ("steroids") by the Plaintiffs from Defendant's stores. Currently before the Court is Plaintiffs' Motion for Class Certification.

## BACKGROUND

Plaintiff Stephens is a resident of Cook County, Illinois. Plaintiff Pio is a resident of Champaign County, Illinois. Defendant is a corporation with its principal place of business in Pittsburgh, Pennsylvania. In 2001, Pio purchased a product called Pinnacle Androstat 100-mg Cyclo Poppers from the GNC store located at 2000 North Neil Street in Champaign, Illinois. Likewise, on an undisclosed date, Stephens purchased GNC steroids from an undisclosed GNC store.

On October 3, 2008, Plaintiffs filed their class-action complaint in the Circuit Court of Cook County, Chancery Division. Plaintiffs allege that Defendant engaged in unfair and/or deceptive acts or practices in the sale of its steroids in violation of the Illinois Consumer Fraud

Act ("ICFA") and that Defendant was unjustly enriched as a result of those sales. Plaintiffs' Complaint lists examples of advertisements that were allegedly sponsored, endorsed, and approved by Defendant to market steroids. Additionally, Plaintiffs allege that Defendant knew that its steroids were not effective for any other purpose and had not been proven effective for any other purpose. Finally, Plaintiffs allege that Defendant knew if its steroids were effective, they would be illegal. Defendant removed this case to Federal Court under the Class Action Fairness Act on November 3, 2008.

Plaintiffs have moved for class certification pursuant to Federal Rule of Civil Procedure 23. Plaintiffs' proposed class definition is "all persons who have, during the applicable limitations period through the present (the "Class Period"), purchased one or more products from GNC containing one or more of the steroid hormones Androstenedione, Androstenediol, Norandrostenedione, or Norandrostenediol, other than products manufactured by Muscletech within the state of Illinois (the "Class")."

## LEGAL STANDARD

"The Federal Rules of Civil Procedure provide the federal district court with broad discretion to determine whether certification of a class action is appropriate." *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998). To be certified, the class must satisfy all four elements of Federal Rule of Civil Procedure 23(a): (1) numerosity: the class must be "so numerous that joinder of all members is impracticable"; (2) commonality: "there are questions of law or fact common to the class"; (3) typicality: "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and (4) adequacy of representation: "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In addition, an action must be maintainable under at least one of the three provisions of

Rule 23(b). Here, Plaintiffs seek certification under Rule 23(b)(3), which requires "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

In considering a motion for class certification, allegations made in support of class certification are considered true. *Hardin v. Harshbarger*, 814 F.Supp. 703, 706 (N.D. Ill. 1993). The court, in its consideration of class certification, generally does not examine the merits of the case. *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 598 (7th Cir. 1993). However, a court "may look beyond the pleadings to determine whether the requirements of Rule 23 have been satisfied." *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-30 (N.D. Ill. 1998). The party seeking certification bears the burden of establishing that certification is proper. *See Trull v. Plaza Assoc.*, 1998 WL 578173 (N.D. Ill. Sept. 3, 1998).

## ANALYSIS

When reviewing a motion for class certification, it must first be determined whether there is an identifiable class. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006) (*Oshana*). "[A] class can be properly identified so long as it is defined by objective criteria." *Saltzman v. Pella Corp.*, 257 F.R.D. 471, 475 (N.D. Ill. 2009) *aff'd*, 606 F.3d 391 (7th Cir. 2010). "This criteria must make it administratively feasible for the court to determine whether a particular individual is a class member." *Id.*

Defendant argues that Plaintiffs have proposed a class that is not readily identifiable because there is no way to readily determine whether a person is a member of the proposed class. Specifically, Defendant argues that it will not be possible, without numerous individual mini-trials, to verify that putative class members actually purchased the products they claim.

3

According to Defendant, unless a customer is or was a member of Defendant's Gold Card Program[1] and actually used the Gold Card when they purchased the products at issue in this case, then there is no way for the customer's identity to be ascertained by Defendant's sales records. Further, Defendant argues that even if a putative class member used a Gold Card when buying one of the products at issue, Defendant will not necessarily have the up-to-date contact information of the customer.

Plaintiffs respond that class members can be easily identified by objective criteria. The objective criteria that Plaintiffs list are whether class members bought the products at issue, when they bought them, and whether they bought them from Defendant. Plaintiffs argue that the Gold Card Program is a way that they can identify people that meet the criteria that they have set forth. Plaintiffs argue that there are not insurmountable obstacles to identifying the class.

Plaintiffs have not proposed a satisfactory method of determining membership in the class. For the majority of the potential class members, the exception being those in the Gold Card Program, there is likely to be no written record of the purchases. Thus, the Court would be forced to rely on the memory of each class member and their otherwise unsupported assertions to determine not only which products were purchased, but also the amounts of each product that were purchased and the dates at which the products were purchased. *See In re Phenylpropanolamine (PPA) Products Liability Litigation*, 214 F.R.D. 614, 617 (W.D. Wash. 2003) (*PPA*) (denying class certification on class identification grounds, where proof of purchase depended entirely on the memory of potential class members). Furthermore, Defendant would be entitled to test the memory and credibility of each potential class member as to the type and amount of steroids they purchased. *See Perez v. Metabolife Intern., Inc.*, 218 F.R.D. 262, 269

---

[1] The Gold Card Program is a customer loyalty and discount program run by Defendant.

(S.D. Fla. 2003) (relying on untested memory of putative class members to establish use of product would afford inadequate procedural protection to the defendant). Thus, as Defendant suggests, individual hearings would be necessary to determine class membership. "If the court is required to conduct individual inquiries to determine whether each potential class member falls within the class, the court should deny certification." *Ramirez v. Palisades Collection LLC*, 250 F.R.D. 366, 369 (N.D. Ill. 2008). Therefore because there is no reliable way to determine class membership without holding individualized hearings, class certification must be denied.

*Rule 23(b)(3) requirements*

A second unsurmountable obstacle in this case for Plaintiffs is Rule 23(b). To be certified, a class must meet the requirements of Rule 23(b) (1), (2), or (3). In this case, Plaintiffs have moved for certification under Rule 23(b)(3). Rule 23(b)(3) provides that "a class action may be maintained if Rule 23(a) is satisfied and if the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The rule further provides the reviewing court with a list of inquiries designed to guide the court in its decision. *Id.* Those matters include: the class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already begun by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action. *Id.*

Defendant argues that the individual issues of deception and proximate cause predominate over common issues. Specifically, Defendant argues that Plaintiffs must show that each putative class member was deceived by Defendant's advertising and that the advertising

5

was the proximate cause of each member's purchase. Plaintiffs disagree, arguing that any individual issues regarding proximate cause should not preclude class certification.

"[A] damages claim under the ICFA requires that the plaintiff was deceived in some manner and damaged by the deception." *Oshana*, 472 F.3d at 513-14. In other words, "a private cause of action under the ICFA requires a showing of proximate cause." *Id.* at 514-15; *see also Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) ("a claim under the ICFA requires proof that the defendant's conduct caused the plaintiff's injury"). Thus, to show that a putative class member is entitled to recover under the ICFA, Plaintiffs must show that the class member's purchase of steroids was proximately caused by Defendant's deceptive advertisement.

This showing necessarily must be made on an individual basis. That an individual purchased steroids from Defendant does not mean that Defendant's advertisements were the proximate cause of that purchase. The purchaser may have purchased the steroids without ever seeing any of Defendant's advertising. Even if the purchaser had seen Defendant's advertising, the purchaser may have been exposed to other information that factored into the decision to purchase steroids. The individual issues involved in establishing that Defendant's deceptive advertising proximately caused each putative class member to purchase steroids would predominate over issues common to the class.[2]

Plaintiffs argue that even if their ICFA claim may not be certified due to the predominance of individual issues, their unjust-enrichment claim is still viable as a class action because Defendant's argument with respect to proximate cause does not apply. Plaintiffs argue that to prove unjust enrichment, they must show only that they conferred a benefit upon

---

[2] Based on Plaintiffs' pleadings, if the product was effective, it would be illegal. This would obviate the element of deception. Presumably, this would require an individual determination as to whether the product produced the desired effect on each user.

6

Defendant, which Defendant "unjustly retained in violation of the fundamental principles of equity and good conscience." Pls.' Reply 7 (quoting *Brown Leasing, Inc. v. Stone*, 284 Ill. App. 3d 1035, 1045 (1st Dist. 1996)). However, to show that Defendant was unjustly enriched, Plaintiffs must show that they were deceived by Defendant. *See Oshana*, 472 F.3d at 515 ("[the defendant] cannot have been unjustly enriched without proof of deception."). As with Plaintiffs' ICFA claim, Plaintiffs' unjust-enrichment claim will require proof that each class member was deceived by Defendant's advertisements.

Therefore, because individual questions predominate over common issues, the Court finds that the requirement of predominance under Rule 23(b)(3) has not been met.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Class Certification is denied.

Dated: November 23, 2010

JOHN W. DARRAH
United States District Court Judge