UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TYRON STEPHENS and DAVID PIO, Plaintiffs, v. GENERAL NUTRITION COMPANIES, INC., Defendant. | ) | No. 08 C 6296<br>Judge John W. Darrah |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Tyron Stephens and David Pio brought a putative class-action suit against General Nutrition Companies, Inc. ("GNC"), seeking to recover for GNC's sales of certain steroid hormones, known as Andro Products. Plaintiffs argue that the Andro Products, contrary to GNC's claims, are ineffective at building muscle and would be illegal if they were effective. Plaintiffs bring a claim under the Illinois Consumer Fraud Act, 815 ILCS § 505/1, *et seq.* ("ICFA") (Count I) and a claim for unjust enrichment (Count II). On November 23, 2010, the Court denied Plaintiffs' motion for class certification. Before the Court is Defendant's motion for summary judgment against Plaintiff Stephens.

**FACTS**

Stephens began weight lifting in October 1999. In 2002, Stephens began purchasing "Pinnacle Poppers," an Andro Product. Stephens purchased Pinnacle Poppers from two GNC-brand stores in Chicago, Illinois, between September 2002 and November 2002. At the time of Stephens' purchases, these stores were owned and operated by GNC franchisees.

Stephens does not recall how many units of Pinnacle Poppers he purchased, nor can he recall how much he paid. Stephens did not keep any of the receipts from his purchases.

## LEGAL STANDARD

Summary judgment is appropriate when there remains no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 40 F.3d 146, 150 (7th Cir. 1994). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (*Celotex*). Thus, although the moving party on a motion for summary judgment is responsible for demonstrating to the court why there is no genuine issue of material fact, the nonmoving party must go beyond the face of the pleadings, affidavits, depositions, answers to interrogatories, and admissions on file to demonstrate, through specific evidence, that there remains a genuine issue of material fact and show that a rational jury could return a verdict in the nonmoving party's favor. *Celotex*, 477 U.S. at 322-27; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254-56 (1986) (*Anderson*); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (*Matsushita*); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 923 (7th Cir. 1994).

Disputed facts are material when they might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 507-08 (7th Cir. 1992). When reviewing a motion for summary judgment, a court must view all inferences to be drawn from the facts in the light most favorable to the opposing party. *Anderson*, 477 U.S. at 247-48; *Popovits v. Circuit City Stores, Inc.*, 185 F.3d 726, 731 (7th Cir. 1999). However, a metaphysical doubt will not suffice. *Matsushita*, 475 U.S. at 586. If the evidence is merely colorable or is not significantly probative or is no more than a scintilla, summary judgment may be granted. *Anderson*, 477 U.S. at 249-50.

To prevail on a claim under the ICFA, a plaintiff must prove "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 190 (2005). To satisfy the proximate-cause requirement, a plaintiff must prove that he "was actually deceived by the misrepresentation." *Id.* at 199.

**ANALYSIS**

Plaintiffs' Complaint advances two alternative theories of recovery under the ICFA. First, Plaintiffs allege that the Andro Products sold by GNC, contrary to GNC's representations to Plaintiffs, were ineffective for building muscle. In the alternative, Plaintiffs' Complaint alleges that if the Andro Products were in fact effective in building muscle, they would then be illegal. Thus, GNC would have violated the ICFA by selling an illegal product.

During discovery, GNC determined that Stephens was pursuing the former theory of liability – that Stephens bought Andro Products and that they were not effective in helping him build muscle.[1] GNC therefore directs its summary judgment motion against the first of

[1]During his deposition, Stephens explained why he had brought suit against GNC.

Q: Can you tell me why it is that you sued General Nutrition Companies?

A: Because I believe that the product that I paid for and trusted was going to help me didn't do anything.

. . .

Q: And when you say that they didn't do anything for you, can you elaborate on what you mean?

A: Well my intention was to increase my testosterone levels, which in turn would help me build muscle mass; and I don't believe that the product did anything.

. . .

Q: Can you give me any more description on who you believe is or is not in the group of plaintiffs that you seek to represent?

Plaintiffs' two theories. In its initial brief, GNC argues that there was no deception by GNC; specifically, GNC argues that GNC itself did not make any representations regarding Andro Products to Stephens, nor did it sponsor or endorse any representation made by others regarding Andro Products. Nor, GNC argues, did it fail to disclose any material information to Stephens.

GNC argues further that Stephens was not deceived by GNC's conduct. GNC points out that Stephens admitted that he had heard conflicting opinions on the effectiveness of Andro Products and had decided to try them for himself. GNC argues that because Stephens admittedly purchased Andro Products, knowing that they might not be effective, any representation as to their effectiveness by GNC could not have influenced the decision.

GNC also argues that Stephens did not actually purchase any Andro Products from GNC; rather, he purchased them from a GNC franchisee. Finally, GNC advances two arguments asserting that Stephens cannot prove injury. First, GNC argues that Stephens cannot prove that the purchased products did not work for him. Second, GNC argues that Stephens has no evidence as to the amount of Andro Products he purchased from GNC stores and, therefore, cannot prove his damages to the required level of certainty.

In response to GNC's opening brief, Stephens essentially concedes that he cannot prevail on his ICFA claim based on the theory that Andro Products are ineffective. Stephens' opposition brief wholly abandons that theory of liability, failing to even mention it. Instead Stephens reverts

---

A: I would say it's the same – the people that had the same experience that I had. They bought a product and it didn't work for them.

Stephens Dep. at 11-13. Stephens did not mention the alleged illegality of Andro Products as a reason for bringing suit against GNC.

to Plaintiffs' alternative theory – that GNC's sale of Andro Products violated the ICFA because Andro Products are effective and, therefore, illegal. Stephens' brief begins: "Mr. Stephens seeks, in this lawsuit, damages from GNC's sale of products which (at all times the products were sold) were, and are, illegal anabolic steroids." Stephens Resp. 1. Stephens argues that the sale of illegal products is inherently deceptive and that GNC intends consumers to rely on GNC's representations that Andro Products are legal. Stephens further argues that he suffered damage, since illegal products are inherently worthless and that Stephens would not have bought the products had he known that they were illegal.

In its reply brief, GNC challenges Stephens' revised theory of liability on several grounds. GNC first argues that Plaintiffs' revised theory should be rejected because, as noted above, it contradicts his deposition testimony. GNC argues that a litigant cannot create an issue of material fact for purposes of summary judgment by contradicting his own deposition testimony. GNC's argument misses the point. Stephens' deposition statements may ultimately prove to be contrary to his theory of liability, but this, standing alone, does not preclude him from advancing that theory.

GNC next argues that Stephens cannot show that his belief that Andro Products were legally sold was the proximate cause of Stephens' purchase. At his deposition, Stephens testified that a number of factors were relevant to his decision to purchase Andro Products; their legality was not one of them. In his brief, Stephens argues that he "testified he would not have purchased products if he knew the products were illegal." Stephens Resp. 7. However, Stephens provides no citations in support of this assertion. As noted above, at summary judgment, the nonmoving party must point to specific evidence supporting the existence of a genuine issue of material fact.

*See Celotex*, 477 U.S. at 322-27. Here, Stephens has not introduced evidence, beyond the unsupported statement of his attorney, that GNC's representation as to the legality of Andro Products caused Stephens to purchase those products. Thus, Stephens' ICFA claim fails for failure to establish proximate cause.

Stephens' claim under the ICFA also fails because he cannot prove his damages to the level of certainty required by Illinois Law. Stephens' response fails completely to address this argument. Under Illinois law, "[a] plaintiff need not prove the amount of damages to an absolute certainty; however, he must present enough evidence to create a genuine issue of fact pertaining to damages." *Petty v. Chrysler Corp.*, 343 Ill. App. 3d 815, 823 (1 Dist. 2003). "That evidence must include a basis for computing damages with a fair degree of probability." *Id.*

During this litigation, Stephens has failed to provide any evidence regarding the amount he claims as damages. At his deposition, Stephens could not say how many times he had purchased Andro Products from GNC or how much he had paid for each purchase. Despite repeated requests by GNC to quantify his damages, Stephens has not provided any method of producing a reliable estimate of how much Stephens paid to GNC for Andro Products. Thus, any recovery in this case on behalf of Stephens would be based only on speculation. Therefore, because Stephens has not provided a method of computing damages "with a fair degree of probability," GNC is entitled to summary judgment.

Finally, Stephens cannot overcome GNC's argument that GNC is not liable under the ICFA for Stephens' purchases from GNC franchisees. Stephens argues that under the doctrine of apparent agency, GNC can be held liable for the sales of its franchisees. However, to establish an apparent-agency relationship, a party must show "(1) that the principal held the agent out as

having authority or knowingly acquiesced in the agent's exercise of authority; (2) based on the actions of the principal and agent, the third person reasonably concluded that an agency relationship existed; and (3) the third person relied on the agent's apparent authority to his detriment." *Oliveira-Brooks v. Re/Max Intern., Inc.*, 372 Ill. App. 3d 127, 137 (1st Dist. 2007). Here, Stephens cannot establish the third requirement, that he relied on the franchisee's apparent authority to his detriment. Stephens has not shown that he purchased Andro Products from GNC-brand stores because they were GNC-brand stores. Rather, Stephens admitted that he shopped at those stores because they were conveniently located. Stephens further admitted that he had purchased Andro Products at other stores. Thus, Stephens has failed to show that he relied on the franchisee's apparent authority. *See O'Banner v. McDonald's Corp.*, 173 Ill.2d 208, 213 (1996) (to recover on an apparent-agency theory in a slip-and-fall case, the plaintiff "would have to show that he actually did rely on the apparent agency in going to the restaurant where he was allegedly injured.").

GNC is also entitled to summary judgment on Stephens' unjust-enrichment claim. Both sides agree that, under Illinois law, a claim for unjust enrichment "is not a separate cause of action that, standing alone, will justify an action for recovery." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010). Where a claim for unjust enrichment is based on the same conduct as a claim under the ICFA, the former cannot survive without the latter. *Id.* Therefore, GNC is entitled to summary judgment on Stephens' unjust-enrichment claim as well.

## CONCLUSION

For the foregoing reasons, GNC's motion for summary judgment against Stephens is granted.

Dated: March 3, 2011

JOHN W. DARRAH
United States District Court Judge